# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:97-CR-116 CAS |
| ) | |
| JEFFREY TODD BLACKWELL, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This closed criminal matter is before the Court on defendant's document entitled "The District Court Lacked Subject Matter Jurisdiction." In this document, defendant asserts that this Court did not have "statutory authority to punish Petitioner under the [21 U.S.C. §] 841(b)(1)(A) 10 to life statute, because the court lacked subject matter jurisdiction to do so without the 50 grams or more conviction, resulting in Petitioner's actual innocence of the punishment statute and guidelines level he was sentence [sic] under." Id. at 12-13. Defendant also asserts that the Court lacked subject matter jurisdiction to sentence him "by failing to address Petitioner's motion to withdraw his guilty plea, in accordance with Fed. Rule Crim. P. Rule 32." Id. at 13. Defendant asks the Court to "determine that the original sentencing court lacked subject matter jurisdiction and re-sentence Petitioner accordingly." Id.

**Background**

On September 23, 1997, defendant pleaded guilty to possession with the intent to distribute cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A), and to being a felon in possession of firearms in violation of 18 U.S.C. §§ 922(g) and 924(a)(2). On December 12, 1997, defendant was sentenced to a total of 295 months imprisonment. United States v. Blackwell, 4:97-

CR-116 GFG (E.D. Mo. Dec. 12, 1997). Defendant appealed, and the United States Court of Appeals for the Eighth Circuit affirmed the conviction and sentence. United States v. Blackwell, No. 98-1031, 163 F.3d 603 (8th Cir. Oct. 8, 1998) (Table) (unpublished per curiam).

Defendant filed a motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255 on October 28, 1999, which this Court denied on the merits. Blackwell v. United States, No. 4:99-CV-1687 CAS (E.D. Mo. Mar. 28, 2003). The Eighth Circuit denied defendant's application for a certificate of appealability and dismissed the appeal. Blackwell v. United States, No. 01-2226 (8th Cir. Feb. 20, 2004). The United States Supreme Court denied defendant's petition for a writ of certiorari. Blackwell v. United States, No. 04-5182 (Oct. 4, 2004).

Defendant subsequently filed three other motions for relief under 28 U.S.C. § 2255, Blackwell v. United States, No. 4:05-CV-984 CDP (E.D. Mo. Aug. 23, 2005); Blackwell v. United States, 4:06-CV-1177 CDP (E.D. Mo. Sept. 19, 2006); and Blackwell v. United States of America, No. 4:07-CV-1864 CDP (E.D. Mo. Nov. 27, 2007), which this Court, Judge Perry presiding, construed as second or successive § 2255 motions and transferred to the Eighth Circuit pursuant to 28 U.S.C. § 1631. The Eighth Circuit denied defendant's applications for authorization to file successive habeas actions. See Blackwell v. United States, No. 05-3491 (8th Cir. Nov. 25, 2005); Blackwell v. United States, No. 06-3441 (8th Cir. Feb. 27, 2007); and Blackwell v. United States, No. 07-3765 (8th Cir. Mar. 31, 2008).

Thereafter, defendant filed multiple motions pursuant to various subsections of Rule 60(b), Federal Rules of Civil Procedure, in the original § 2255 matter, No. 4:99-CV-1687 CAS, all of which were denied. Defendant then filed a Rule 60(b)(4) motion in the instant case, which was denied by Order of June 22, 2011 (Doc. 83). The Eighth Circuit summarily affirmed. See United States v. Blackwell, No. 11-2624 (8th Cir. Aug. 30, 2011).

**Discussion**

Although defendant asserts that the Court lacked subject matter jurisdiction to impose his conviction and sentence, the issues he raises in the instant filing do not constitute challenges to the existence of subject matter jurisdiction. The Court concludes that the instant filing is properly construed as a second or successive habeas action. As amended by the Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2255(h) provides that a "second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain" certain information. "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

Because defendant did not obtain authorization from the Eighth Circuit Court of Appeals to maintain the instant § 2255 motion in this Court, the Court lacks jurisdiction to address defendant's filing or to grant him the relief he seeks.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's filing entitled "The District Court Lacked Subject Matter Jurisdiction" is **DISMISSED** for lack of jurisdiction, as a second or successive habeas action. [Doc. 93] See 28 U.S.C. § 2255(h).

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability.

    CHARLES A. SHAW
    UNITED STATES DISTRICT JUDGE

Dated this  5th  day of March, 2012.